

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 21, 2004

Mr. Robert L. Cook
Executive Director
Texas Parks and Wildlife Department
4200 Smith School Road
Austin, Texas 78744-3291

Opinion No. GA-0182

Re: Whether the Texas Parks and Wildlife Department may convey real property or an interest in real property the State received under a court-approved final judgment "solely for the use and benefit of the . . . Department, acting in the Public Trust . . . only for public park purposes, for promoting public beach access, and for off-beach parking" (RQ-0131-GA)

Dear Mr. Cook:

You ask two questions about the authority of the Texas Parks and Wildlife Department (the "Department") to convey real property or an interest in real property that the State received under a court-approved final judgment "solely for the use and benefit of the . . . Department, acting in the Public Trust . . . only for public park purposes, for promoting public beach access, and for off-beach parking."[1]

The real property at issue is a 5.9998 acre tract on Galveston Island that the Department obtained in 1987 following a lawsuit to determine the ownership of a remainder interest in a 68.86 acre tract that included the 5.9998 acre tract. *See Mitchell Dev. Corp. of the S.W. v. State*, No. 296,346 (250th Dist. Ct., Travis County, Tex. Jan. 9, 1987) (Agreed Final Judgment at 1, 8); Request Letter, *supra* note 1, at 2. The 68.86 acre tract had been the property of Maco Stewart, who in 1950 bequeathed a life estate in his "Galveston Island Home" to his wife and children and the remainder in the same to the State:

> [U]pon the death of my child last surviving, such "surface estate" in the forementioned land shall vest in the State of Texas to be used and maintained as a Fish, Game, and Oyster preserve and for any other public purpose the Legislature of the State of Texas, or other competent State government official, may deem proper for use of

---

[1]*Mitchell Dev. Corp. of the S.W. v. State*, No. 296,346 (250th Dist. Ct., Travis County, Tex. Jan. 9, 1987) (Agreed Final Judgment at 7-9); *see* Letter from Robert L. Cook, Executive Director, Texas Parks & Wildlife Department, to Honorable Greg Abbott, Texas Attorney General, at 1-2 (Nov. 14, 2003) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

> same, hereby expressing my desire that the State of Texas, should it desire to do so, shall call the property the "Maco Stewart Public Park." . . . . The devisees above named shall not have any right or authority to convey, mortgage, encumber or in any manner dispose of the "surface estate" referred to in this subsection . . . nor to rent or lease such surface estate for a longer period, under any one lease or agreement, of more than five (5) years.

Request Letter, *supra* note 1, at 1-2 (quoting Will of Maco Stewart). Mitchell Development Corporation purchased the life estate on the 68.86 acre tract from Mr. Stewart's heirs, *see id.* at 2, but a dispute arose between Mitchell Development Corporation and the State regarding the ownership of the remainder interest. *See id.* Under the Agreed Final Judgment (the "Judgment") settling the dispute between the parties, the State received

> title to and possession of the following tract of land solely for the use and benefit of the Texas Parks and Wildlife Department, acting in the Public Trust:
>
> Being 5.9998 acres, more or less, out of lots 109 and 117 of the Section 3 of the Trimble and Lindsey Survey, Galveston Island, Galveston County, Texas, . . . .
>
> The said 5.9998 acre tract shall be used only for public park purposes, for promoting public beach access, and for off-beach parking.

*Mitchell Dev. Corp. of the S.W.*, No. 296,346 (Agreed Final Judgment at 7-9). The Judgment was signed by the 250th District Court and approved by representatives of the Mitchell Development Corporation of the Southwest and the State of Texas. *See id.* at 10.

You state that an individual who has obtained an option to purchase property adjacent to the 5.9998 acre tract has requested a road easement across it. Request Letter, *supra* note 1, at 2. If this individual purchases the adjacent property, he or she will establish a private residence on the land. *See id.* "There is currently not an existing road over which the easement is requested." *Id.* Department staff, having reviewed the easement request, "has recommended that [it] be denied based on the terms of the judgment, [the Department's] resource needs, and [the Department's] best interests." *Id.*

Given this fact situation, you ask whether the Department may convey an easement over the 5.9998 acre tract to provide road access to a private residence. *See id.* at 2. You also ask whether the Department may convey the tract, or an interest in the tract (such as a conservation easement), "to another person or entity for a use consistent with the uses stated in the judgment, specifically for 'public park purposes, for promoting public beach access and for off-beach parking.'" *Id.* Your questions assume that the Judgment effectively supersedes the will, and we adopt that assumption here.

This office typically does not opine on matters that have been resolved "through judicial action," where the proper remedy is the appeal of a court order to an appellate court. Tex. Att'y Gen. Op. No. JM-287 (1984) at 2; *see* Tex. Att'y Gen. Op. No. O-1847 (1940) at 2 ("It is not within the proper scope of the functions of this department to serve as a quasi appellate tribunal for the correction of what are conceived to be errors committed by the courts of this state."). Although the lawsuit that resulted in the Judgment is long over, we are reluctant to construe the Judgment. *Cf.* Tex. Att'y Gen. Op. No. JM-287 (1984) at 2 (declining to issue an opinion on a court order that is subject to appellate review and collateral litigation); Tex. Att'y Gen. ORD-560 (1990) at 3 (declining to determine the availability of certain prison documents that are subject to a court order in an ongoing lawsuit).

In this case, however, two statutes, sections 13.008 and 13.009 of the Parks and Wildlife Code, mitigate the need to construe the Judgment. Section 13.008 of the Parks and Wildlife Code authorizes the Department to receive donations of land and provides for transfer of title in fee simple:

> (a) The department may solicit and receive donations of land for public purposes and may refuse donations of land not acceptable for public purposes.
>
> (b) If title to a site has vested in the department and if ownership of the site is no longer in the best interest of the department, the department may transfer the title:
>
> > (1) to another state department or institution requesting the site;
> >
> > (2) to the donor of the land if the donor requests the return of the site;
> >
> > (3) to the United States if it has undertaken the development of the site for public purposes;
> >
> > (4) to the grantor if the deed to the department contains a reversion clause . . . ;
> >
> > (5) to any legally authorized entity if the property is to be used for public purposes.
>
> (c) A two-thirds vote of the [Parks and Wildlife Commission] is necessary for action taken under this section.

TEX. PARKS & WILD. CODE ANN. § 13.008 (Vernon 2002); *see also id.* § 11.001(1) (defining the term "Commission"). Section 13.009 applies to the Department's real property generally and authorizes

the Parks and Wildlife Commission's executive director, with the Commission's approval, to sell real property or an interest in real property "if ownership of the real property is no longer in the" Department's best interest. *Id.* § 13.009(a).

Chapter 34 of the Natural Resources Code, which you cite, *see* Request Letter, *supra* note 1, at 1, applies only to the lease of, or to granting an easement in, Department-owned land "for the purpose of prospecting or exploring for and mining, producing, storing, caring for, transporting, preserving, selling, and disposing of" the property's minerals. *See* TEX. NAT. RES. CODE ANN. §§ 34.002(a), .051, .064 (Vernon 2001). Because you do not ask about granting mineral interests in the property, chapter 34 does not apply. *See* Request Letter, *supra* note 1, at 1.

We conclude first that the Department may not convey an easement over the property to an adjoining property owner. Section 13.008 applies only to the transfer of title to donated property. *See* TEX. PARKS & WILD. CODE ANN. § 13.008(b) (Vernon 2002). The sale of an easement is not a transfer of title, but of an interest in the property. Consequently, section 13.009, which permits the executive director to sell an interest in real property if owning the property is no longer in the Department's best interest, controls the situation. *See id.* § 13.009(a). You have not asserted that owning the easement interest is no longer in the Department's best interests; indeed, you indicate that the Department's staff has recommended that the easement request be denied based on the Department's best interests. Request Letter,*supra* note 1, at 2. Assuming, therefore, that conveying the easement would not be in the Department's best interest, the Department has no statutory authority to convey it. Even if the Department determined that the conveyance would be in its best interest, a court may find that the conveyance would not comply with the terms of the Judgment, which restricts the land's use to "public park purposes . . . promoting public beach access, and . . . for off-beach parking." *Mitchell Dev. Corp. of the S.W.*, No. 296,346 (Agreed Final Judgment at 9).

We conclude second that the Department may convey the tract under section 13.008 or an interest in the tract under section 13.009 "to another person or entity for a use consistent with the uses stated in" the Judgment, but only if the Department has determined that owning the site or the interest is no longer in the Department's best interest. Request Letter, *supra* note 1, at 2; *see* TEX. PARKS & WILD. CODE ANN. §§ 13.008(b), .009(a) (Vernon 2002). Unless the Department has so concluded, it may not transfer the property under section 13.008 to a "legally authorized entity" to use for public purposes. *See* TEX. PARKS & WILD. CODE ANN. § 13.008(b)(5) (Vernon 2002). Likewise, unless the Department has so concluded, it may not sell the property or an interest in the property under section 13.009. *See id.* § 13.009(a).

## S U M M A R Y

Assuming that the relevant Agreed Final Judgment would permit it, the Parks and Wildlife Department may not convey an easement in donated real property to an adjoining property owner unless the Department has concluded that owning the easement interest is not in the Department's best interest, under section 13.009 of the Parks and Wildlife Code. Similarly, the Department may not convey the donated real property in its entirety under section 13.008 or an easement interest in donated real property under section 13.009 to a person or entity for a use consistent with the Agreed Final Judgment unless the Department first determines that its ownership of the property or interest is no longer in its best interest.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee